[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and defendant wife intermarried in Danbury, Connecticut, on June 22, 1968.
The parties have resided continuously in the State of Connecticut for at least one year up to the date of the filing of this complaint.
Two children were born to the wife, both issue of the marriage. Only one is presently a minor, to wit: Jonathan Douglas Osborne, born February 12, 1976.
The parties have been married almost twenty-four (24) years, although they have been physically separated since June, 1992.
The husband's primary complaint appears to be that his wife rarely appreciated or complimented his achievements and that for the past five years there was little or no romance in the marriage.
The wife, on the other hand, testified that she opposes the divorce, although she does admit a breakdown in the marital relationship. This breakdown she attributes to the barriers the husband has erected in his relationship with his family. There was little or no communication. She tepidly alluded to the possibility of another woman in the husband's life, however, the court gives little weight to this relationship being a major factor in the breakdown of CT Page 2601 the marriage.
Both of the parties are college graduates, with the wife having received training as a teacher. However, she has not pursued this vocation for a number of years and will apparently require additional schooling in order to become accredited.
The husband has a master's degree and a sixth year certificate and is presently a social studies coordinator in the North Salem, New York school system. He presents to the court a most impressive vitae. (See plaintiff's Exhibit D.) From his employment he earns approximately $71,000.00 per year gross. Additionally, he receives an unearned annual income in the amount of approximately $12,000.00 gross. He reports a weekly net income from all sources of $969.21.
The wife works part-time as a receptionist and earns $84.00 weekly. She indicates that she has made no inquiries as to other available employment opportunities. Further, she appears to feel that her child's asthma and hearing loss requires her to be home a great deal of the time.
Although there is no doubt that the son has a chronic condition and suffers from severe hearing impairment, nonetheless, there is little evidence that the mother is needed at home to attend to the son's needs.
The husband is in good physical condition and except for a claim of clinical depression, the wife also appears to be in good health.
Having considered all of the testimony and taking into consideration all of the criteria mandated under the provisions of Connecticut General Statutes, Secs. 46b-81,46b-82 and 46b-84, the court further finds and orders as follows:
1. The marriage has broken down irretrievably, there is no prospect of any reconciliation, and a decree of dissolution may enter.
2. Custody of the minor child is granted to the defendant wife with right of reasonable visitation to the plaintiff husband.
3. Plaintiff husband shall pay to the wife, as weekly support for the minor child, the sum of $265.00, which sum is in conformity with the child support guidelines. The wife's request for a sum greater than the guidelines recommendation, CT Page 2602 on the basis of the medical condition of the child, is unsupported by the evidence.
Further, a written stipulation having been filed with the court, the court orders that the child support continue through June 30, 1994.
4. The plaintiff husband shall maintain medical and dental insurance for the minor child as available through his employment. All such unreimbursed medical and dental expenses shall be divided equally between the parties.
5. The husband shall pay, as periodic alimony, the sum of $250.00 per week to the wife. Said alimony shall terminate upon the happening of the first of the following events: (a) death of either party; (b) remarriage by the wife; (c) cohabitation by the wife; and (d) fifteen years from the date of this decree.
6. The husband shall convey by quitclaim deed to the wife all of his right, title and interest in the marital home located at 1 Pondfield Road, New Fairfield, Connecticut. The husband shall, within ninety (90) days, pay off the entire principal and interest on the mortgage. Any credits for taxes, etc. shall be credited to the husband. Until such time as the mortgage is paid, the monthly maintenance of said mortgage, including principal, interest and any escrow payments, shall be the husband's responsibility.
7. All of the personal property presently located in the family residence shall be the sole and exclusive property of the wife with the exception of the following which the husband shall be entitled to keep: (a) the strong box and its contents; b) green photo album; and (c) duplicate copy of Kodak slides, including his children's early years. Cost of reproduction of this material shall be borne equally by the parties.
8. Husband shall transfer whatever right, title and interest he has in the 1983 Firenza to his wife.
9. Husband shall pay to the wife as a lump sum property distribution the sum of $12,000.00, which sum shall be paid within sixty (60) days.
10. Husband shall name his wife as irrevocable beneficiary on his life insurance policy or policies to the extent of $100,000.00 for as long as he is obligated to pay periodic alimony. CT Page 2603
11. Each of the parties shall be responsible for his or her own fees and costs.
MIHALAKOS, JUDGE